### WAPLES-PLATTER GROCER COMPANY v. TEXAS AND PACIFIC RAILWAY COMPANY, GARNISHEE.

#### No. 1105.   Decided May 19, 1902.

**1.—Garnishment—Unliquidated Damages.**

A claim arising upon contract, but for damages unliquidated and in their nature uncertain (as for injury to cattle in shipment through negligence of the carrier), is not subject to garnishment.   (Pp. 488, 489.)

**2.—Same—Judgment—Supersedeas.**

A claim for unliquidated damages is not rendered a liquidated one, so as to be subject to garnishment by a judgment determining the amount, until it has reached that stage where it can not be set aside or reversed on appeal.   P. 489.)

**3.—Same—Case Stated.**

A railway company, defendant in a suit for negligently injuring cattle transported by it, was garnished in a suit against the plaintiff by a third party, first before plaintiff recovered judgment against it; again, after the recovery of judgment, but pending its appeal with supersedeas, and again, after the judgment was affirmed but had been transferred to another by the plaintiff.   Held, that it was not liable as garnishee.   (Pp. 487-489.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Eastland County.

*R. W. Flournoy,* for appellant.—The judgment of a trial court is subject to garnishment on a writ issuing out of the same court, and the appeal, then pending or subsequently perfected, of the said judgment, will not defeat the lien of such garnishment; on affirmance of the judgment in the appellate court the plaintiff in garnishment is entitled to enforce

his lien under the writ, against the garnishee. Rev. Stats., art. 219; Kreisler v. Campbell, 89 Texas, 104; Davis v. King, 56 S. W. Rep., 1041; Insurance Co. v. Willis, 70 Texas, 15; 14 Am. and Eng. Enc. of Law, last ed., 764.

A demand which will support an attachment or garnishment founded thereon is also subject to garnishment, and the degree of the certainty required of the obligation is the same in the one case as in the other; and a demand arising out of contract and capable of liquidation by reference to fixed standards of value, is sufficiently certain for the purposes of either case. Stiff v. Fisher, 2 Texas Civ App., 346; Hochstadler v. Sam, 73 Texas, 315; Fleming v. Pringle, 51 S. W. Rep., 553; 14 Am. and Eng. Enc. of Law, last ed., 761, par. (3).

GAINES, CHIEF JUSTICE.—The Court of Civil Appeals of the Second Supreme Judicial District have certified for our decision the following questions:

"On April 25, 1898, L. C. Downtain instituted suit in the District Court of Eastland County against the Texas and Pacific Railway Company for damages in a cattle shipment, securing a judgment in his favor on the 28th day of March, 1899. From this judgment on May 20, 1899, the railway company perfected an appeal to this court upon a sufficient supersedeas bond. January 20, 1900, the said judgment of the District Court was affirmed here, which, so far as appears from the record, concluded this litigation, save that motion for rehearing was filed in this court, which was overruled on February 17, 1900. On January 20, 1900, the date the judgment of the District Court was affirmed, as stated, L. C. Downtain, for a valuable consideration, by parol, transferred the judgment in his favor to James & Hughes, proprietors of the Eastland County Bank, in Eastland, Texas.

"In August, 1898, the appellant herein, Waples-Platter Grocer Company, in a certain suit instituted by it against said L. C. Downtain in the District Court of Eastland County, Texas, caused to be duly issued and served upon the Texas & Pacific Railway Company a writ of garnishment founded upon a sum certain for the recovery of which the suit against Downtain had been instituted. On the 20th day of March, 1899, the Waples-Platter Grocery Company recovered judgment in its said suit against Downtain, which is still unsatisfied in an amount in excess of the amount for which the Texas & Pacific Railway Company is liable upon said judgment in favor of Downtain. Waples-Platter Grocer Company also caused to be duly issued and served upon the railway company other like writs of garnishment on the 7th day of April, 1899, and on the 5th day of February, 1900.

"Subsequent to all the dates mentioned, the railway company answered, substantially setting up the facts as agreed upon and prayed that the court determine to which party it should pay the amount for which it was indebted, James & Hughes having in the meantime intervened, and the trial court adjudged, in effect, that the appellant com-

pany acquired no right by the service of its said writs of garnishment, and that interveners, James & Hughes, were entitled to recover of the Texas & Pacific Railway Company the sum of $137.85, with interest at the legal rate from the date of judgment, which was July 24, 1901. From the judgment so rendered this appeal has been duly prosecuted.

"In view of the decision of the Court of Civil Appeals for the Third District in the case of Kriesle v. Campbell, 32 Southwestern Reporter, 581, and of what is said by your honorable court in the same case as shown in 89 Texas, 104, we deem it advisable to certify to your honors for decision the question:

"1. Whether, pending said appeal therefrom, the said judgment in favor of Downtain was subject to appellant's said writs of garnishment?

"2. If not, whether the claim of the judgment debtor Downtain against the garnishee, the Texas & Pacific Railway Company, as stated and shown in the agreed statement of facts, is a demand of such character as to be subject to garnishment even before the judgment which determined his rights thereon?"

The nature of the claim of Downtain against the Texas & Pacific Railway Company appears from the following statement of the agreed case upon which the case was tried and which the Court of Civil Appeals have transmitted to us as a part of their certificate: "The judgment in favor of said Downtain against said railway company was obtained in a suit for damages to cattle in transit owned by the said plaintiff and transported by the said defendant, and was recovered on allegations of diminished market value in the said cattle by reason of neglect of the said defendant company in the handling and transporting same."

From this statement, it is evident that Downtain's cause of action was for unliquidated damages for the breach of a contract. It is well settled that a demand growing out of a tort is not subject to garnishment. But upon the question whether a cause of action for unliquidated damages resulting from a breach of contract is so subject there is a conflict of authority. Since the writ of garnishment is a creature of statutory law, it may be that the diversity of opinion upon the question grows out of the difference in language in the statutes which have been severally construed by the courts. However that may be, we are of the opinion that the weight of authority and the better reason support the rule that when the damages are unliquidated and in their nature uncertain, the demand is not subject to garnishment. Capes v. Burgess, 135 Ill., 61; Hugg v. Booth, 2 Ire. (N. C.), 282; Paul v. Paul, 10 N. H., 117; McKean v. Turner, 45 N. H., 203; Leefe v. Walker, 18 La., 1; Selheimer v. Elder, 98 Pa. St., 154. The sound basis for the rule is that the garnishee is required by the statute to answer under oath "what, if anything, he is indebted" to the defendant; and it is unreasonable that he should be compelled to swear to the amount of a demand which is not capable of being ascertained by a calculation made from data furnished by the contract itself considered in connection with the breach. In Hugg v. Booth, supra, Chief Justice Ruffin of North Carolina, speaking of a

1902.] GROCER CO. v. T. & P. RY. CO. 489

statute of that State, says: "The attachment could only be served on one 'indebted;' and the judgment was to be 'upon his examination only'—which yet more clearly evinces that it could only apply to such demands of which the garnishee could conscientiously and with reasonable certainty state the amount on his oath, and not to a case of uncertain damages, of which there is no standard until assessed by a jury."

In Hochstadler v. Sam, 73 Texas, 315, it was held that a demand for unliquidated and uncertain damages for breach of contract would not support an attachment; and the ground for the conclusion was that it was not contemplated that a plaintiff should swear that the defendant was indebted to him in a certain sum, when the nature of his case was such that he could not definitely ascertain the amount of his demand. If the plaintiff in such a case is not permitted to make oath to the amount of his demand and to sue out 'an attachment, for a stronger reason, we think, a garnishee should not be required to answer as to an indebtedness when it is impossible for him to ascertain the amount thereof from the terms of the contract and the facts of the breach.

For these reasons, we answer the second question in the negative.

We are also of the opinion that it results from the foregoing conclusion that a like answer must be given to the first question. The demand being uncertain, is not made certain until the amount is fixed by a final judgment of the court,—that is to say, a judgment not merely final in the sense that an appeal lies therefrom, but a judgment final in the sense that it has reached that stage in judicial procedure when it can neither be set aside nor reversed upon appeal. In the case of the Texas Trunk Railway Company v. Jackson, 85 Texas, 605, Chief Justice Stayton, speaking for the court, says: "We are of the opinion that an appeal or writ of error, whether prosecuted under cost or supersedeas bond, during pendency deprives a judgment of that finality of character necessary to entitle it to admission in evidence in support of the right or defense declared by it; and from this necessarily follows the insufficiency of a plea in bar based on it." In the case of Kreisle v. Campbell, 89 Texas, 104, this question came before us upon an application for a writ of error, but since the judgment was sustainable upon other grounds, we did not find it necessary to decide the point, and its determination was expressly waived. The Court of Civil Appeals for the Second District, however, in that case held in accordance with our opinion. Same case, 34 S. W. Rep., 581.

We answer both questions in the negative.