## UNIVERSAL AUTOMOBILE INS. CO. OF DALLAS v. CHRISTENSEN et al.
### No. 9179.

Court of Civil Appeals of Texas. Galveston. April 15, 1930.

See, also, 25 S.W.(2d) 601.

Levy, Levy, Barker & Kahn, of Galveston, for appellant.

Terry, Cavin & Mills, of Galveston, for appellees.

PLEASANTS, C. J.

The appellees, John Christensen and A. J. Rasmussen, who composed the business firm of John Christensen & Co., brought suit in the court below against Victoria and George Smith to recover upon notes executed by the defendants and secured by mortgage lien upon an automobile owned by them. In this suit plaintiffs sued out a writ of garnishment against the appellant. The writ was served on appellant on June 17, 1927, and on June 20, 1927, appellant filed an answer denying that it was indebted to the defendants in any amount or had any effects of defendants in its possession or knew of any person or persons indebted to defendants or having effects belonging to defendants in their possession.

On September 24, 1927, plaintiffs filed affidavit controverting appellant's answer. The controverting affidavit was answered under oath by appellant.

From these affidavits and the undisputed evidence adduced on the trial, the following facts are shown:

Appellees recovered in their suit against Victoria and George Smith for a sum in excess of the amount adjudged against appellant as garnishee.

Garnishee corporation had issued a policy of liability insurance in favor of Universal Terminal Warehouse Company covering claims for property damage or personal injuries. An automobile belonging to the Universal Warehouse Company was involved in a collision with a car owned by Victoria Smith and George Smith, against which car a mortgage existed in favor of John Christensen & Co. George Smith, Victoria Smith, Willie Herd, and Mary Gilbeau filed claims for personal injuries and property damages against the Universal Terminal Warehouse Company. Discharging its obligation to the warehouse company under the terms of said insurance policy, garnishee corporation set-tled all of said claims for a sum of $225, for which amount sight draft was drawn by the Galveston Insurance Agency, local agents for garnishee corporation, on said corporation, the draft being payable at Dallas, Tex., to said claimants or their order. Having learned that Christensen & Co. held a mortgage against the car involved in said collision, the local insurance agency notified Christensen & Co., as a matter of accommodation, of its intention to deliver said draft. One of the members of said firm, A. J. Rasmussen, thereupon came to the office of the Galveston Insurance Agency, and, according to the undisputed testimony of J. M. Jacobs, general manager of the local agency, offered no objection when he was told that the draft was to be paid to said claimants. He was present when the draft was delivered on June 16, 1927. Thereafter, on June 17, 1927, the writ of garnishment was served on the local agency. Subsequent to June 20, 1927, the date the answer of garnishee was filed, said draft was presented for payment at Dallas on the 2d day of July, 1927, and was then paid. The delay was due to the fact that the payees did not succeed in getting the draft cashed in Galveston and carried it to Houston, and finally had it put through for collection, after they had obtained the signature of Gustavia Livingston as an indorser thereof. Gustavia Livingston was known at the Houston bank in question, and put the draft through for collection in her name, and received payment from said bank after the draft was paid in Dallas. However, the said Gustavia Livingston received no part of said money, but paid over the whole amount to the payees named in the draft.

The trial of the case on October 26, 1927, resulted in a judgment against garnishee for the sum of $150, that being a portion of the total amount of the draft which was received by Victoria Smith and George Smith and for all costs of court.

As shown by the above statement, the draft was made payable jointly to the four claimants, and the undisputed evidence shows was issued and accepted in settlement of the claims of all of the payees without any agreement or understanding between the drawer and payees as to the amount any one of the payees would receive, or as to what portion, if any, of the amount was in settlement of the claim for damages to the Smith automobile.

The draft, when presented for payment and paid by appellant, was indorsed by all of the payees and by Gustavia Livingston. It also contained the indorsement of the forwarding bank that it was held "for collection only."

When the appellant paid the draft at Dallas on July 2, 1927, it had no information as to what portion of the amount was payable to the defendants, Victoria and George Smith, and did not know whether the original

payees or the subsequent indorser, Gustavia Livingston, was the owner, and had no means of knowing whether or not Gustavia Livingston was a purchaser and holder of the draft for value in due course of trade.

We agree with appellant that these facts, which are shown by the undisputed evidence, do not sustain the holding of the trial court that appellant, at the time the writ of garnishment was issued, was indebted to the defendants Smith in any amount which was subject to garnishment by appellees, or was so indebted at the time it paid the draft.

The undisputed claim of the Smiths for damages to person and property was not a debt for which the debtor could be held liable to a creditor of the injured party, in garnishment proceedings. Waples-Platter Grocer Co. v. T. & P. Railway Co., 95 Tex. 486, 68 S. W. 265, 59 L. R. A. 353.

Our courts base the rule that a claim for unliquidated damages is not subject to garnishment upon the ground that it would be unreasonable to require a garnishee to make oath as to "what, if anything, he owes the defendant in a suit when the defendant's claim against the garnishee is uncertain and unliquidated." Under this rule it is clear that the claim of the Smiths against appellant, even if the appellant was liable to them for such damages under its contract indemnifying the warehouse company, was not subject to garnishment prior to the time of the agreed settlement of the claim and the issuance and delivery by appellant's agent of the draft on itself payable to four claimants of damages under appellant's insurance contract. We do not think the issuance of this draft so changed the character of appellant's indebtedness as to render it subject to garnishment. The issuance of the draft did not liquidate the amount due the Smiths. The draft was payable to four claimants jointly. There is nothing on the face of the instrument to show what portion of the amount was due the Smiths, and the extrinsic evidence shows there was no agreement between appellant and the Smiths as to the amount due them by appellant.

The fact that, after the draft was paid, the Smiths and the other payees agreed upon the division of the proceeds, does not affect the question.

Appellant was under no obligation to appellees to compromise the claim of the Smiths separately from that of the other claimants, aad to issue a separate draft to them, nor was it under any obligation at the time it paid the draft to ascertain what portion of the proceeds would be apportioned by the payees to the Smiths. Prewitt v. Brown, 101 Mo. App. 254, 73 S. W. 897.

We deem it unnecessary to determine the several remaining questions presented by the briefs. The holding above made that appellant was not, at the time the writ of garnishment was served upon it, nor at the time it paid the draft, indebted to the appellees' debtors in any amount which was subject to garnishment by appellees, is conclusive against the judgment of the trial court, and requires its reversal and the rendition here of a judgment in favor of appellant.

Reversed and rendered.