**Curtis COOK, Appellant,**

v.

**SUPERIOR INSURANCE COMPANY, Appellee.**

**No. 7319.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 3, 1972.

Rehearing Denied Feb. 24, 1972.

Woodruff, Kendall & Smith, Dallas, for appellant.

Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

DIES, Chief Justice.

In 1963, appellant obtained a judgment against one Willie J. Sallie for $15,465.46. It was affirmed in Sallie v. Cook, 403 S.W. 2d 509 (Tex.Civ.App., Dallas, 1966, no writ), to which we refer for a more detailed statement. Appellee, Superior Insurance Company, was the liability insurer of Sallie and, as such, paid its policy limit of $5,000 plus $744.93 to appellant. A total of $10,465.46 plus 6% per annum from June 13, 1966, remains unpaid. A writ of execution issued on the judgment was returned unsatisfied.

Appellant filed for a writ of garnishment alleging that he had made a firm offer of settlement prior to the trial to the attorneys employed by Superior Insurance Company in the amount of $5,000, which was within the limits of the liability

policy issued to Mr. Sallie, and that such offer was rejected.

"Plaintiff and Garnishor has reason to believe and does believe and here alleges that Garnishee, Superior Insurance Company, is indebted to Willie J. Sallie in an amount at least equal to the unpaid judgment together with interest."

Appellee, Superior Insurance Company, answered it "is not now nor was it at the time that said Writ of Garnishment was served, indebted in anything or amount to Defendant, Willie J. Sallie." The trial court granted a summary judgment for appellee.

We have not been cited to any Texas case which has allowed an injured party to proceed directly against the insurer on a judgment held against the insured for an amount in excess of the policy limits, and our independent research has not revealed such a case. The famous case of G. A. Stowers Furniture Co. v. American Indemnity Co., 15 S.W.2d 544 (Tex.Com.App. 1929, holdings approved), gave an insured a cause of action against his insurer for negligent failure to settle within the policy limits.

The cause of action therein granted was one of tort. "It is difficult to see upon what ground it [the insurance company] could escape responsibility when its *negligence* resulted in damage to the party it had contracted to serve." (15 S.W.2d at p. 547, emphasis supplied)

In abolishing the repayment rule, Justice Reavley, speaking for the court in Hernandez v. Great American Ins. Co. of N. Y., 464 S.W.2d 91, 94 (Tex.Sup.1971) reiterated the fact that the Stowers' cause of action is in tort "grounded on negligence" and lies to repair harm to the insured, not the third party. He continued, "The holder of the former judgment benefitted from the tort to the extent of the harm to the insured."

It is stated in Waples-Platter Grocer Co. v. Texas & P. Ry. Co., 95 Tex. 486, 68 S.W. 265 (1902): "It is well settled that a demand growing out of a tort is not subject to garnishment."

In Shropshire v. Alvarado State Bank, 196 S.W. 977, 978 (Tex.Civ.App., Fort Worth, 1917, no writ), the court, quoting from a text, said:

" 'The debt from the garnishee to the defendant, in respect to which it is sought to charge the former, must moreover be absolutely payable, at present or in the future, and not dependent on any contingency. If the contract between the parties be of such a nature that it is uncertain and contingent whether anything will ever be due in virtue of it, it will not give rise to such a credit as may be attached; for that cannot properly be called a debt which is not certainly and at all events payable, either at the present or some future period.' "

See also, 26 Tex.Jur.2d, Garnishment, § 17 at 684, et seq. (1961).

In Graves v. Southern Underwriters, 130 S.W.2d 360 (Tex.Civ.App., Austin, 1939, dism. judg. cor.), Graves obtained a judgment against Teel for $35,000 for personal injuries received by him by being run over by a truck belonging to Teel. At the time of the injury, Teel carried an indemnity policy with Southern Underwriters with liability limited to $5,000. Graves caused execution to be issued against Teel which was returned nulla bona. Thereupon, Graves sued out a writ of garnishment, undertaking to collect his judgment from Southern Underwriters. Graves answered that it owed Teel nothing. The court held as follows:

"While the policy obligated the insurer to defend all actions for damages brought against the assured, any cause of action resulting from its failure to do so, and the rendition of a judgment against the assured by reason of such failure, would accrue only to the assured. In no event could the company's failure to defend Graves' suit against Teel create any grounds of complaint on the part of

Graves, since he was enabled, probably by such failure, to obtain a $35,000 judgment against Teel on a claim which he himself testified that he offered to settle for less than $5,000."

See also, Appleman, Insurance Law & Practice, § 14565 at 609 (1947).

We believe the law of this state requires that we affirm the judgment of the trial court.

Affirmed.