Ralph W. SAMFORD et al., Appellants,

v.

ALLSTATE INSURANCE COMPANY, Appellee.

No. 994.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 30, 1975.

Rehearing Denied Nov. 6, 1975.

William H. Berry, Jr., Corpus Christi, for appellants.

James W. Wray, Jr., Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

This summary judgment action arose from a suit brought by Ralph W. Samford and Danny L. Samford against Allstate Insurance Company. There the plaintiffs sought to recover from Allstate, as liability insurer of R. R. Duff, based on plaintiffs' prior judgment against Duff. The amount sought was the excess of Duff's policy limits. Because the Samfords failed to allege an actionable cause of action in their original petition, the trial court granted Allstate's motion for summary judgment. The Samfords appeal.

Appellants' cause of action now on appeal here was based on the alleged negligence of the appellee in failing to settle a claim of the appellants against Duff arising out of an automobile collision. Appellee was the insurer of Duff. In the prior cause of action involved in an appeal [*Samford v. Duff*, 483 S.W.2d 517 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.)], this Court reversed the judgment of the trial court and rendered judgment for the appellants in the amount of $26,683.75. Appellee has since paid appellants to the limits of Duff's insurance policy. This left the appellants with an excess judgment above the policy limits of $15,521.35. Appellants had a writ of execution issued on this excess which was returned unsatisfied.

Then appellants brought the cause of action now on appeal to us as an attempt to proceed directly against the appellee insurance carrier based on the *"Stowers"*[1] doctrine. In that regard, appellants claim they are entitled to bring a direct cause of action against the appellee because: (1) as judgment creditors of Duff they are third party beneficiaries of the insurance contract between appellee and Duff; (2) the appellee was negligent in failing to settle the original action within Duff's policy limits; (3) there was a conspiracy between the appellee and Duff whereby Duff himself would not bring a direct *"Stowers"* action against the appellee nor would he assign such a cause of action to the appellants; and (4) the appellee is strictly liable because of its intentional bad faith in failing to settle the case within Duff's policy limits.

Our analysis of appellants' five points of error indicates one question of law central to all points. That question is whether a judgment creditor of an insured may bring a direct cause of action against an insurer to recover the excess judgment he was granted as a result of the insurer's negligence in failing to exercise ordinary care in the settlement of a suit between the insured and the judgment creditor.

The case of *Cook v. Superior Insurance Company*, 476 S.W.2d 363 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.) seems to

---

1. *G. A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex.Comm'n App.1929, holding approved).

be directly in point. In *Cook* the appellant obtained a judgment against the insured for some $15,465.46. The judgment was then affirmed on appeal. The appellee insurance company paid the appellant to the policy limits ($5,744.93). The appellant then obtained a writ of execution against the insured for the unpaid balance of the judgment ($10,465.46) which was returned unsatisfied. Whereupon the appellant filed a writ of garnishment alleging that he had made a firm offer of settlement prior to trial to the attorneys employed by Superior Insurance Co. in the amount of $5,000.00 which was within the limits of the liability policy issued to the insured. The trial court granted summary judgment for the insurer. In affirming the summary judgment the appellate court there said that a *"Stowers"* action is in tort, grounded on negligence, and lies to repair harm to the insured, not the third party. The court's holding was that a judgment creditor was not entitled to proceed directly against a liability insurer of judgment debtor for an amount, based on prior judgment, in excess of policy limits, notwithstanding a claim that the judgment creditor made firm an offer of settlement prior to the trial involving the judgment debtor and the judgment creditor.

The case of *Dillingham v. Tri-State Insurance Co., Inc.*, 214 Tenn. 592, 381 S.W.2d 914 (1964) is also almost directly in point. In *Dillingham* the appellant was a judgment creditor of the insured who brought a direct claim against the insurer for the excess of his judgment based on the alleged bad faith and negligence of the insurer in refusing to settle within policy limits. The trial court dismissed the case and the Tennessee Supreme Court affirmed the trial court. The court held that a judgment creditor of an insured alleging bad faith and negligence on part of insurer in refusing to settle within policy limits could not maintain an action against the insurer for the excess of judgment over and above policy limits where had the judgment creditor's offer of settlement been accepted, he would have recovered a smaller amount than he actually collected. The court pointed out that the appellant's settlement offer was for $3,000.00 and under the policy the appellant collected $5,200.00.

▮ The significance of the *Dillingham* decision to the case at bar is that the original settlement offer of the appellants, the Samfords, was for $9,500.00 and that they have already recovered $11,162.00 from the appellee. Clearly under the Tennessee law they would have no right to recover any further. Although there are no Texas cases concerning the question of injury where recovery was in excess of the settlement offer, this is a logical result. If the Samfords felt that they had been injured only in the amount of $9,500.00 and that they would have dropped all claims for that amount, it is difficult to understand how they can show any damages where they have already received some $11,162.00 for their injuries. Obviously under the *"Stowers"* doctrine it was the insured who was injured by the excess jury verdict and not the Samfords.

There are also a series of decisions from other jurisdictions which have held the same as or similarly to the *Cook* decision in Texas. See *Duncan v. Lumbermen's Mut. Casualty Co.*, 91 N.H. 349, 23 A.2d 325 (1941); *Francis v. Newton*, 75 Ga.App. 341, 43 S.E.2d 282 (1947); *Murray v. Mossman*, 56 Wash.2d 909, 355 P.2d 985 (1960).

There is a limited amount of authority for the proposition that the injured party is a third party beneficiary of a liability insurance policy *to the extent of the policy limits only.* In *Seguros Tepeyac, S.A. Compania Mexicana de Seguros Generales v. Bostrom*, 347 F.2d 168 (5th Cir. 1965) and *Seguros Tepeyac, S.A. Compania Mexicana de Seguros Generales v. Jernigan*, 410 F.2d 718 (5th Cir. 1969), it was stated that it is Texas law that under a liability insurance policy a plaintiff, who is a judgment creditor of the insured, had standing as the third party beneficiary to the contract, to sue for the amount of the policy. The Court of Appeals for the 5th Circuit cites no Texas

authority for their proposition, however. These holdings by the 5th Circuit could be used to raise a fact question which would permit the overruling of the trial court's granting of a summary judgment as the appellant urges in his first point of error. Even if this is Texas law, the question is moot because appellants have already recovered to the extent of the policy limits. This limited right of a third party to bring a direct cause of action against an insurer would also seem to be the law in Virginia (*Rowe v. United States Fidelity & Guaranty Company*, 421 F.2d 937 (4th Cir. 1970) and Pennsylvania (*Shaw v. Botens*, 403 F.2d 150 (3rd Cir. 1968).

All of which brings us back to the *Cook* case and its application to our case. We propose to follow *Cook* and we hold that the trial court was correct in granting appellee's motion for summary judgment.

■ If the appellants had no direct cause of action against the appellee, they were not the third beneficiaries of such an action by the insured, as appellants assert in their first point of error. Without any cause of action against the appellee the appellants could not complain of any negligence or gross negligence on the part of appellee for failure to settle the suit within the policy limits, as appellants assert in their second point of error.

■ Nor do the appellants have any basis for a cause of action based on an alleged conspiracy as is asserted in appellants' third point of error. "A civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means". *Schlumberger Well Surveying Corporation v. Nortex Oil & Gas Corporation*, 435 S.W.2d 854 (Tex.Sup.1968); *St. Joseph Professional Building Corporation v. American National Insurance Company*, 511 S.W.2d 578 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n. r. e.). Taken in a light most favorable to the appellants, there is no summary judgment evidence which indicates the appellee's actions were designed to accomplish any illegal purpose or that any act of the appellee was illegal. A *"Stowers"* action is one belonging to the insured alone. *G. A. Stowers Furniture Co. v. American Indemnity Co.*, supra. Therefore, the insured's decision to bring such an action is purely a matter of personal discretion and the failure to bring such an action, for any reason, cannot be deemed illegal so as to conform to the definition of actionable civil conspiracy.

■ Since the appellee owed no duty to the appellants there can be no cause of action against the appellee based on strict liability, as is argued by the appellants in their fourth point of error.

■ Appellants' final point of error is based on the trial court's granting the appellee's motion for summary judgment without allowing the appellants any discovery. Such discovery might benefit the insured if he were to bring a *"Stowers"* action. Since appellants have no cause of action against the insurer, however, no amount of discovery can aid the appellants in developing a cause of action which does not exist. Furthermore, it is clear from the record that appellants made no attempt at formal discovery prior to the summary judgment hearing, nor did they make any motion for continuance so that they might be allowed discovery. Since appellants announced ready at the summary judgment hearing they cannot now claim they were unprepared to defeat the motion due to a lack of discovery.

All of appellants' points have by us been considered and are overruled.

The judgment of the trial court is affirmed.