**Alex P. FOGEL, Anthony M. Gulla and Michael A. Gulla, Relators,**

v.

**Honorable Frank O. WHITE and Honorable Ernest Coker, 295th Judicial District Court of Harris County, Texas, Respondents.**

No. B14–87–01001–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 28, 1988.

Richard O. Patterson, Houston, for relators.

Ben D. Tobor, James L. Cowen, Houston, for respondents.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

MURPHY, Justice.

In this petition for writ of mandamus, relators ask us to direct the designated presiding judge for the 295th Judicial District Court to quash the writs of garnishment issued in the civil action pending below. On December 28, 1987 we granted leave to file this petition. We now conditionally grant the mandamus.

Relators, Alex P. Fogel, Anthony M. Gulla and Michael A. Gulla, are the defendants in the suit out of which this petition for writ of mandamus arises. The real parties in interest or plaintiffs below are, First Houston Bank Eldridge and First Republic Bank Houston, (hereinafter referred to as "respondents").

On July 31, 1987 the respondents filed suit against relators alleging separate counts of conspiracy to defraud and director liability for false representation. According to respondents' pleadings, the relators set up two corporations known as National Vacation Institute, Inc. and Vacation Express, Inc. These corporations were represented as telemarketing travel businesses. The individual relators allegedly used these entities to establish mastercard and visa merchant accounts with respondents. By submitting drafts from sales of their vacation packages, relators would receive a provisional credit which they would transfer to a bank account at another institution. However, subsequent incidents of consumer dissatisfaction and complaints of unauthorized charges resulted in chargebacks on a number of consumer credit cards. After crediting the customer's account, the credit card issuer would charge the disputed amount back against the submitting bank, i.e. the respondents. Respondents' complaint is that because the relators had already withdrawn the provisional credit funds from their account, there was no outstanding balance with which to offset the chargeback. Apparently, the discrepancy between the amount in consumer chargebacks and the balance remaining in the provisional credit account became very large as relator's business failed and was forced into bankruptcy.

At the time they filed suit, respondents also filed an application for garnishment prior to judgment which was granted by the Honorable Frank O. White. Respondents pertinent allegations in their application was that their suit was for a liquidated claim against Alex Fogel, Michael Gulla, Jay O'Conner and Anthony M. Gulla, that the amount was just, due and unpaid and remained wholly unsatisfied. On that basis, Judge White signed the order for writ of garnishment to issue on July 31, 1987, against two named banks and on August 10, against three additional banks.

Following a hearing before visiting judge Ernest Coker on relator's motion to quash the writ of garnishment, the court's order was reformed to reflect a greater allowance for relators' living expenses. An appeal was then filed in this Court and subsequently dismissed for lack of jurisdiction on December 12, 1987.

At issue in this proceeding is the proper application of the statute authorizing garnishment. The statute reads in pertinent part:

A writ of garnishment is available if:

. . . .

(2) a plaintiff sues for a *debt* and makes an affidavit stating that:

(A) the debt is just, due, and unpaid;

. . . .

Tex.Civ.Prac. & Rem.Code Ann. § 63.001 (Vernon 1986) [emphasis added].

The term "debt" in the statute is a point of contention between the parties. The relators argue that there is no just, due and owing debt to support a writ of garnishment against them as individuals. They assert that the corporations, of which they were directors, entered into the mastercard and visa agreements with the banks. As individuals, they claim that they were not obligated in any way on the contracts. Indeed, there is *no* contract, guarantee or promise to pay respondents signed by the individual relators appearing in the record. Furthermore, we are not persuaded by respondent's argument that the lower court was authorized to find a debt existing within the meaning of the garnishment statute. It has long been recognized in this state that the remedy of garnishment is summary and harsh and should not be sustained unless there is strict compliance with the statutory requirements. *Beggs v. Fite*, 130 Tex. 46, 106 S.W.2d 1039 (1937); *Glenn W. Casey Const. v. Citizen's Nat. Bank*, 611 S.W.2d 695 (Tex.Civ.App.—Tyler 1980, no writ). Consequently, we are not moved by respondents' cited authority, which are not garnishment cases, but are cases which address contract law. The only garnishment case respondent does cite is *Cleveland v. San Antonio Building & Loan Ass'n.*, 148 Tex. 211; 223 S.W.2d 226 (1949). Respondent relies on a statement from that opinion which he argues the Court made in order to expand the breadth of the garnishment statutes. In *Cleveland,* the Court did state that the authorizing statute for garnishment has "not been construed as authorizing the writs to be issued only when the plaintiff's suit is technically an action for debt." 223 S.W.2d at 228. However, the Court clarified its meaning in the immediately following sentences by stating that a suit for damages for breach of contract, while not a common law action for debt, could still be the basis for issuance of a writ of garnishment as long as the demand was liquidated. *Id.*

The relators also argue that the respondent's original petition sets forth a cause of action in tort making it completely improper as the basis for allowing prejudgment garnishment. Relator cites, among other cases, *Waples–Platter Grocer Co. v. Texas & P. Ry. Co.*, 95 Tex. 486; 68 S.W. 265 (1902), for the reaffirmation in that opinion of the "well settled" rule that "a demand growing out of a tort is not subject to garnishment." 68 S.W. at 266. However, the Court went on, in *Waples–Platter*, to address the issue in more depth by asking whether a cause of action for unliquidated damages resulting from a breach of a contract would be subject to garnishment. The better rule opined the Court, was that "when the damages are unliquidated and in their nature uncertain, the demand is not subject to garnishment." *Id.* Subsequent cases reaffirm *Waples–Platter* on this point, i.e. a writ of garnishment may only be issued when the demand is not contingent, is capable of ascertainment by the usual means of evidence, and does not rest in the discretion of the jury. *Cleveland,* 223 S.W.2d 228; *Cook v. Superior Insurance Company,* 476 S.W.2d 363 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). By its very nature a tort action is contingent and unliquidated.

The respondents concede that their underlying action is in tort, however they assert the rationale for denying prejudgment garnishment in tort claims is absent here because their claim lends itself easily to a liquidated damage determination. Respondents go on to state that the issue of liquidity is the apparent critical factor from the relators' cases for determination of whether a writ of garnishment can issue.

We do not find it necessary to decide that issue in this proceeding. As already noted, respondents' suit was filed as a tort action against the relators individually, despite the fact that the disputed agreements were with the corporations. Respondents have virtually ignored the legal status of corporate insulation from tort liability. Here, respondents cite *Barclay v. Johnson,* 686 S.W.2d 334 (Tex.App.—Houston [1st Dist.] 1985, no writ), for the position that "it is not necessary that the 'corporate veil' be pierced in order to impose personal liability, as long as it is shown that the corporate officer knowingly participated in the wrongdoing." *Id.* at 337.

Yet, this is clearly a determination to be made by the trier of fact. Without this determination, however, respondents claim against the individual relators is a contingent tort claim, the outcome of which is uncertain. It follows that given such uncertainty any damages alleged must be characterized as unliquidated.

Finally, we note that relator has exhausted his remedies at law before seeking equitable relief. We find that a mandamus properly lies here, where the district court improperly failed to grant relators motion to quash the writ of garnishment. We therefore conditionally grant the writ of mandamus in anticipation that respondent will comply with the order of this court. In the event respondent does not do so, the writ shall issue.