# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2014

Lyle W. Cayce
Clerk

No. 13-10678

JGM HOLDINGS, L.L.C.; JUAN ANTONIO DE JESUS GONZALES MORENO,

Plaintiffs - Appellants

v.

T-MOBILE USA, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-1297

Before DENNIS and PRADO, Circuit Judges, and BROWN, District Judge*
PER CURIAM:**

JGM Holdings, LLC ("JGM")[1] is asking this court to interpret the Texas Rules of Civil Procedure and Texas case law to determine whether a creditor may garnish a judgment, after entry of judgment but prior to the filing of an appeal. The United States District Court for the Northern District

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] JGM and co-appellant Juan Antonio De Jesus Gonzales Moreno will be treated collectively since their positions and claims are identical.

of Texas (the "district court") answered in the negative, dismissing JGM's writ of garnishment against T-Mobile USA, Inc. ("T-Mobile").

JGM, which is owed money by VICI Racing, LLC ("VICI"), appeals the district court's decision. JGM wants to garnish a judgment that VICI, which is not a party in this action, obtained against T-Mobile in the United States District Court for the District of Delaware (the "District Court of Delaware"). Both VICI and T-Mobile have since appealed the District Court of Delaware's decision to the Third Circuit.

JGM filed a writ of garnishment in Texas state court that was removed to the district court. T-Mobile then filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the garnishment. The district court ruled that the judgment was not final for the purposes of garnishment under Texas Civil Remedies and Practice Code section 63.001(3) because T-Mobile disputes that it owes any money to VICI and has availed itself of its right to appeal the District Court of Delaware's judgment. This court affirms the district court's decision because it correctly states Texas law on the finality of judgments for the purposes of garnishment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2011, JGM obtained a judgment against VICI in a Texas state court. With interest, that judgment now stands at $841,128 and counting. The Texas state-court judgment was never paid by VICI.

On February 11, 2013, VICI obtained a judgment for $7 million plus attorney fees against T-Mobile in the District Court of Delaware (the "Delaware judgment"). On February 22, 2013, JGM filed a writ of garnishment against T-Mobile in Texas state court, seeking to collect on the Delaware judgment. T-Mobile removed the action to the district court on diversity grounds.

No. 13-10678

JGM seeks to garnish that portion of the Delaware judgment that VICI owes JGM. Before the writ could be executed by the district court, however, both VICI and T-Mobile appealed the Delaware judgment to the Third Circuit. T-Mobile seeks to have the Delaware judgment set aside in its entirety and denies any liability to VICI, and VICI cross-appeals to the Third Circuit on grounds that the Delaware judgment is inadequate.

As a condition of appeal to the Third Circuit, T-Mobile posted a supersedeas bond with the District Court of Delaware, staying any execution on the judgment while the appeal is before the Third Circuit. At the same time, T-Mobile filed a 12(b)(6) motion to dismiss the garnishment in the matter pending before the district court. The district court granted T-Mobile's motion and dismissed JGM's writ of garnishment for failure to state a claim for which relief can be granted. The district court found that the Delaware judgment was not final for purposes of garnishment under Texas law.

JGM appeals that decision. JGM argues that the Texas Supreme Court opinion relied upon by the district court, *Waples-Platter Grocer Co. v. Texas & Pacific Railway Co.*, 68 S.W. 265 (Tex. 1902), is no longer good law. Additionally, JGM argues that even if *Waples* is good law, that case does not control here because it only applies to judgments for unliquidated damages, unlike the judgment here, which, JGM contends, is a judgment for liquidated damages. Accordingly, JGM asks that this court reverse and remand to the district court. Alternatively, JGM requests that this court certify the question to the Texas Supreme Court.

## STANDARD OF REVIEW

This court reviews *de novo* motions for dismissal pursuant to Rule 12(b)(6). *See Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). This court may "affirm a district court's Rule 12(b)(6) dismissal on any grounds supported by the record." *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th

Cir. 2006). When reviewing a dismissal for failure to state a claim, all well pleaded facts are accepted as true and are viewed in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

As for certification, this court has explained that certification is "discretionary both by our court in certifying and the Texas Supreme Court in accepting the question." *Cerda v. 2004-EQR1 L.L.C.*, 612 F.3d 781, 798 (5th Cir. 2010). Texas Rule of Appellate Procedure 58.1 provides for certification to the Texas Supreme Court of "determinative questions of Texas law having no controlling Supreme Court precedent." Certification, however, is not proper as an avenue by which to change binding precedent. *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1247 (5th Cir. 1997).

## DISCUSSION

### I.

"Garnishment is a statutory proceeding brought by a judgment creditor (the garnishor) whereby the property, money, or credits of the judgment debtor (the debtor) in the possession of another (the garnishee) may be applied to payment of the final judgment against the debtor." *Zeecon Wireless Internet, LLC v. Am. Bank of Tex., N.A.*, 305 S.W.3d 813, 816 (Tex. App.—Austin, 2010, no pet.). It necessarily involves three parties: the judgment creditor (garnishor), the debtor, and a third person who has some obligation to the debtor (the garnishee). 17 Tex. Jur. 3d *Creditors' Rights and Remedies* § 350. "Garnishment enables a garnishing creditor to collect the debt in cases where ordinary remedies are insufficient, since by garnishment proceedings a garnishee may be compelled to pay one other than the garnishee's creditor,

and the right of the garnishee's creditor is, against that creditor's will, transferred to another. Garnishment is, in effect, a suit to subrogate a creditor to the rights of its debtor who, in turn, is a creditor of another." *Id.* § 349 (footnotes omitted). "'[T]he writ of garnishment applies to debt obligations the garnishee owes to the debtor and property belonging to the debtor but in the garnishee's possession, from the time the garnishee is served with the writ of garnishment to the time the garnishee must answer the writ.'" *FG Hemisphere Assocs. v. Republique du Congo*, 455 F.3d 575, 589 (5th Cir. 2006) (citing Tex. R. Civ. P. 659). Thus, "[t]he primary issue in a garnishment suit is whether the garnishee is indebted to, or has in its possession effects belonging to the debtor." *Buckeye Retirement Co. v. Bank of Am., N.A.*, 239 S.W.3d 394, 399 (Tex. App.—Dallas 2007, no pet.).

"Garnishment actions in Texas are 'purely statutory' and courts have no power to extend the benefits of garnishment beyond the relief available under statute." *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 423 (5th Cir. 2006); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 63.001 (listing the scenarios in which garnishment is available). Under Texas Rule of Civil Procedure 658, "[n]o writ shall issue before final judgment except upon written order of the court after a hearing, which may be ex parte." Tex. R. Civ. P. 658. For the purposes of garnishment, a judgment "whether based upon a liquidated demand or an unliquidated demand, shall be deemed final and subsisting for the purpose of garnishment from and after the date it is signed, *unless a supersedeas bond shall have been approved and filed* in accordance with Texas Rule of Appellate Procedure 47." Tex. R. Civ. P. 657 (emphasis added).

## II.

At the heart of the dispute in this case is the meaning of the Texas Supreme Court case of *Waples-Platter Grocer Co. v. Texas & Pacific Railway*

No. 13-10678

*Co.*, 68 S.W. 265 (Tex. 1902). *Waples* involved two questions certified from the Texas Court of Civil Appeals to the Texas Supreme Court: (1) whether, pending appeal, a judgment against a third party in an earlier lawsuit was subject to writs of garnishment, and (2) whether that judgment was subject to garnishment even before the trial court's entry of judgment. *Id.* at 266.

*Waples* revolved around a lawsuit that third party and judgment debtor L. C. Downtain had won against garnishee Texas & Pacific Railway Company in March of 1899. *Id.* at 265. Texas & Pacific Railway appealed that judgment and filed a supersedeas bond two months later, on May 20, 1899. *Id.* Between April 28, 1898, when Downtain first filed suit against Texas & Pacific Railway, and March 28, 1899, when Downtain won his suit, Waples-Platter filed and won a lawsuit against Downtain. *Id.* Upon winning its suit against Downtain in August of 1898, Waples-Platter immediately filed a writ of garnishment against Texas & Pacific Railway for any judgment recovered by Downtain in the first action. *Id.* Waples-Platter later filed a second writ of garnishment against Texas & Pacific Railway in April of 1899, between entry of judgment in Downtain's suit against Texas & Pacific Railway on March 28, 1899 and Texas & Pacific Railway's appeal of that judgment on May 20, 1899. *Id.* After the Texas Court of Civil Appeals affirmed Downtain's judgment against Texas & Pacific Railway, Waples-Platter filed yet a third writ of garnishment on February 5, 1900. *Id.*

After losing its appeal, Texas & Pacific Railway asked the trial court to determine to whom it owed the sum due. *Id.* The trial court held that Waples-Platter's first two writs of garnishment had no effect because they had been filed prematurely. Waples-Platter appealed that ruling to the Texas Court of Civil Appeals, which certified the two issues mentioned above to the Texas Supreme Court. *Id.* at 265–66. The Texas Supreme Court held that neither a pre-judgment garnishment nor a garnishment while a judgment was on

6

appeal was valid because under Texas law a judgment is not final for the purposes of garnishment until "it can neither be set aside nor reversed upon appeal." *Id.* at 266.

In holding as it did, the Texas Supreme Court in *Waples* cited to its earlier decision in *Texas Trunk Railway Co. v. Jackson,* 22 S.W. 1030 (Tex. 1893). *Jackson* involved an action in which the Texas Court of Civil Appeals certified four questions to the Texas Supreme Court. *See id.* at 1030–31. The important question for the purposes of *Waples* was whether an appeal deprives a judgment of its character of finality for the purposes of res judicata. *Id.* at 1031. The Texas Supreme Court answered that question in the affirmative, holding that an appeal, "whether prosecuted under cost or supersedeas bond, during pendency, deprives a judgment of that finality of character necessary" for the judgment to be final for the purposes of res judicata. *Id.* at 1032.

The Texas Supreme Court years later overruled *Jackson*, a case on which *Waples* relied, in *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1 (Tex. 1986). *Scurlock Oil* held that a judgment is final for the purposes of res judicata and claim preclusion despite the taking of an appeal. *Id.* at 6. In *Scurlock Oil*, the Texas Supreme Court opined that "the values served by res judicata are threatened by [the *Jackson*] rule [which] often requires relitigation of the same issues between parties, with the opportunity, as here, for conflicting results." *Id.*

### III.

JGM argues that *Scurlock Oil* implicitly overruled *Waples* because *Waples* rested on *Jackson*. JGM bases its argument on a reading of *Waples* that maintains that the court there held that judgments pending appeal are not final for the purposes of garnishment because *Jackson* had held that judgments pending appeal are not final for the purposes of res judicata. On

JGM's reading, the Texas Supreme Court's later rejection of *Jackson*'s rule on res judicata necessarily abandoned *Waples*'s rule that garnishments are not final pending appeal since *Waples* rested on *Jackson*'s authority.

Moreover, JGM argues that *Waples*'s holding creates the same policy issues that led the Texas Supreme Court in *Scurlock Oil* to overturn *Jackson*, namely, (1) inconsistent results, as JGM argues that the district court's "decision effectively ignores that debt and is inconsistent with the Delaware court's judgment," and (2) the waste of judicial resources, since creditors such as JGM will be forced to apply for and serve numerous writs of garnishment to recover an outstanding judgment. Additionally, according to JGM, *Waples*, like *Jackson*, is unfair because a diligent judgment creditor is at risk of losing priority to a judgment in favor of the judgment debtor despite first serving a writ of garnishment if, by chance, the judgment debtor settles or assigns the judgment before it ever becomes final on appeal. Finally, JGM argues that an amendment to Texas Rule of Civil Procedure 661 also overruled *Waples*.

Even if *Waples* remains good law, JGM argues that *Waples* is still inapplicable to this case because the writ of garnishment was filed before T-Mobile appealed or posted bond. JGM goes on to argue that, because the writ of garnishment here was served before any supersedeas bond was filed, JGM stepped into the shoes of VICI at a time when the judgment debtor had full rights to execute on the judgment against the garnishee. While JGM concedes that the judgment does not become subject to execution (*i.e.* payable) until after appeal, JGM contends that the judgment may still be garnished under Texas law to protect JGM's rights as a creditor.

JGM further contends that *Waples* is irrelevant here because that case concerned a judgment for unliquidated damages, unlike the judgment at issue here, which is for liquidated damages. JGM argues that in *Waples* the Texas Supreme Court expressly limited itself to the question of "whether a

cause of action for unliquidated damages resulting from a breach of contract is" subject to garnishment. *See Waples*, 68 S.W. at 266. JGM claims that VICI's Delaware judgment against T-Mobile is for a liquidated claim because it is based on T-Mobile's breach of a sponsorship agreement with VICI. Thus, JGM contends that damages were determined from the face of that sponsorship agreement.

In the alternative, JGM maintains that the question at issue in this case—whether a judgment is subject to garnishment pending appeal—is unsettled and appropriate for certification to the Texas Supreme Court under Texas Rule of Appellate Procedure 58.1. First, JGM urges this court to certify the question of whether *Waples* still reflects Texas law. Second, JGM argues that even if *Waples* remains good law, certification is still appropriate because it is unclear whether *Waples*'s holding applies to liquidated claims.

## IV.

T-Mobile responds that (1) *Waples* is still controlling; (2) the damages in question here are unliquidated; and (3) under Texas Rule of Civil Procedure 657, a judgment may not be garnished when a supersedeas bond has been filed.[2]

---

[2] T-Mobile also asserts that JGM's writ of garnishment should be dismissed on the technicality that the judgment against T-Mobile was never domesticated in Texas. That argument appears to be misplaced. Texas law requires the judgment creditor to domesticate a judgment; no such requirement is placed on one seeking to garnish the judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 35.004(a)–(c) (listing documents that *judgment creditor* must file with court). Without a Texas statute imposing a requirement to domesticate judgments on garnishors, a garnishee is subject to garnishment wherever he is subject to a court's *in personam jurisdiction. See FG Hemisphere*, 455 F.3d at 585 ("To say that 'a debt follows the debtor' is simply to say that intangible property has no actual situs, and a debt may be sued on wherever there is jurisdiction over the debtor.") (citation and internal quotation marks omitted); *Steele v. G.D. Searle & Co.*, 483 F.2d 339, 345 (5th Cir. 1973) (noting that *Harris v. Balk*, 198 U.S. 215 (1905), held that state court had jurisdiction in garnishment proceeding based on *in personam* jurisdiction over garnishee).

No. 13-10678

T-Mobile argues that *Waples* relied on authority in addition to *Jackson* for its proposition that judgments may not be garnished while pending appeal. According to T-Mobile, *Waples* relied on, among other cases, *Hochstadler v. Sam*, 11 S.W. 408 (Tex. 1889), which is still good law in Texas. *See 21 Turtle Creek Square, Ltd. v. N.Y. State Teachers' Ret. Sys.*, 425 F.2d 1366, 1369 (5th Cir. 1970) (discussing with approval *Hochstadler*'s rule that attachment of judgment will not lie when damages are uncertain).

T-Mobile further argues that courts have continued to apply *Waples* long after *Scurlock Oil* overruled *Jackson. See, e.g.*, *Af-Cap*, 462 F.3d at 424; *Palandjoglou v. United Nat'l Ins. Co.*, 821 F. Supp. 1179, 1186 n.6 (S.D. Tex. 1993); *In re Tex. Am. Express, Inc.*, 190 S.W.3d 720, 725 (Tex. App.—Dallas 2005, no pet.); *Mun. Valve & Equip. Co. v. John T. Jones Constr. Co.*, No. 05-98-01863-CV, 2002 Tex. App. LEXIS 4303, at *9 (Tex. App.—Dallas June 17, 2002, no pet.) (not designated for publication); *Fogel v. White*, 745 S.W.2d 444, 446 (Tex. App.—Houston [14th Dist.] 1988, orig. proceeding [leave denied]). According to T-Mobile, in *Palandjoglou v. United National Insurance Co.*, the United States District Court for the Southern District of Texas rejected the argument JGM makes here, specifically noting that *Waples* continues to apply. 821 F. Supp. at 1186 n.6.

Additionally, T-Mobile argues that a claim is liquidated for garnishment purposes under Texas law only if it (1) is not contingent, (2) is capable of being definitively ascertained by the usual means of evidence, and (3) does not rest in the discretion of the finder of fact. T-Mobile characterizes the judgment against it as unliquidated because it was determined by the aid of the finder of fact and not merely from the sponsorship agreement alone. According to T-Mobile, other indications of the judgment's unliquidated nature include the fact that VICI itself has cross-appealed the judgment on

No. 13-10678

grounds that the District Court of Delaware incorrectly calculated the damages.

Finally, T-Mobile contends that the Delaware judgment may not be garnished regardless of whether the claims are for liquidated or unliquidated damages. Citing Texas Rule of Civil Procedure 657, which provides that a judgment "shall be deemed final and subsisting for the purpose of garnishment from and after the date it is signed, *unless a supersedeas bond shall have been approved and filed,*" T-Mobile argues that the Delaware judgment is not final because T-Mobile has posted a supersedeas bond.

## V.

As a preliminary matter, it appears that this court should apply Texas law to determine whether the judgment may be garnished. 28 U.S.C. § 1936 and Federal Rules of Civil Procedure 62 and 69 all address execution of out-of-state judgments in United States district courts. There is no clear precedent in this circuit on whether state law or federal law controls the procedure of executing a judgment or garnishment in a diversity case on appeal. However, this court applied Texas state law in a garnishment proceeding in *Af-Cap, Inc. v. Republic of Congo*, a case that had been removed from Texas state court to federal court. In *Af-Cap*, this court noted, "[g]iven that this is a diversity case, this Court must apply the law of Texas." 462 F.3d at 423.[3] When resolving issues of state law in diversity cases, such as this case, final decisions of that state's supreme court control. *Westlake Petrochems., L.L.C. v. United Polychem, Inc.*, 688 F.3d 232, 238 n.5 (5th Cir. 2012).

While JGM contends that *Waples*'s rule that a judgment is final for garnishment purposes only when "it can neither be set aside nor reversed

---

[3] Moreover, the court notes that the parties do not dispute that Texas law applies.

11

upon appeal" does not apply here because it filed its writ of garnishment prior to T-Mobile's perfection of an appeal, that does not make a difference. First, this was the exact scenario in *Waples*, in which Waples-Platter filed its second writ of garnishment after Downtain secured judgment against Texas & Pacific Railway but before Texas & Pacific Railway had taken an appeal. *See Waples*, 68 S.W. at 265.

Moreover, a survey of the case law indicates that *Waples* remains good law despite JGM's arguments to the contrary. The Texas appellate courts, by and large, continue to follow *Waples*.[4] *See, e.g.*, *In re Tex. Am. Express*, 190 S.W.3d at 725; *Fogel*, 745 S.W.2d at 446. This court, for its part, appears to accept the continuing validity of *Waples*. Although this court has not addressed the question at issue here, as recently as 2006—well after *Scurlock Oil* was decided in 1986—this court noted in a parenthetical that under *Waples*, "an unliquidated claim for breach of contract cannot be garnished." *Af-Cap*, 462 F.3d at 424.[5]

---

[4] The one court that has held *Waples* to be overturned is *Industrial Indemnity Co. v. Texas American Bank-Riverside*, 784 S.W.2d 114 (Tex. App.—Fort Worth 1990, no writ). It did not rely on *Scurlock Oil Co. v. Smithwick* for that holding, which is the primary authority JGM cites for its proposition that *Waples* is no longer good law. Rather the court in *Industrial Indemnity* concluded that *Waples* had been overturned because of the 1978 amendment to Texas Rule of Civil Procedure 661, which reads, "[The garnishee is] further commanded NOT to pay to defendant any debt or to deliver to him any effects, pending further order of this court." Tex. R. Civ. P. 661. However, as explained in *Palandjoglou*, a case decided by the United States District Court for the Southern District of Texas, if Rule 661 was intended to "eradicate nearly one hundred years of settled garnishment jurisprudence," then that intent would have been noted or at least met with greater fanfare than a single sentence added to the end of the text. 821 F. Supp. at 1186 n.6. In amending Rule 661, the Texas Supreme Court likely sought to do no more than incorporate into that Rule the longstanding principle that "a garnishee may not prejudice the rights of the garnishor by transferring any of the indebtedness belonging to the defendant after service of process and during the pendency of the suit." *Id.*

[5] The court in *Af-Cap* neither faced nor addressed the question of garnishing a judgment on appeal and did not touch on *Waples* beyond this oblique reference to it in expounding Texas law.

JGM is misguided in its belief that *Jackson* was indispensable to *Waples*. While JGM is correct that *Jackson* was the only authority cited by the Texas Supreme Court in the portion of the opinion addressing the question of whether judgments may be garnished pending appeal, the *Waples* court incorporated reasoning from an earlier portion of its opinion addressing attachments when resolving the garnishment issue. The court saw the analyses of attachment and garnishment as intertwined given that both deal with a creditor reaching property—property in the possession of the garnishee in the case of garnishment and property in the possession of the judgment debtor in the case of attachment. *See Waples*, 68 S.W. at 266 ("If the plaintiff in such a case is not permitted to make oath to the amount of his demand and to sue out an attachment, for a stronger reason, we think, a garnishee should not be required to answer as to an indebtedness, when it is impossible for him to ascertain the amount thereof from the terms of the contract and the fact of the breach.").

Furthermore, contrary to what JGM would have this court believe, *Waples*'s holding on garnishment stems not so much from *Jackson* as from the *Waples* court's view on attachment and fairness. The court found it "unreasonable that [a defendant] should be compelled to swear to the amount of a demand which is not capable of being ascertained by a calculation made from data furnished by the contract." *Waples*, 68 S.W. at 266. *Waples*'s holding had little to do with *Jackson* except as providing one further reason why it made sense to hold that judgments were not subject to garnishment until after appeal.

It does not follow that the Texas Supreme Court's subsequent rejection of its ruling on res judicata in *Jackson*—that judgments were not final for the purposes of res judicata pending appeal—implied abandonment of *Waples*. An

examination of *Scurlock Oil*, the case cited as overruling *Jackson*, fails to reveal any intent by the Texas Supreme Court to overturn *Waples*.

In *Scurlock Oil*, the Texas Supreme Court overruled *Jackson*'s rule regarding res judicata because "relitigating already decided issues" creates the possibility of inconsistent results and wastes judicial resources. 724 S.W. at 6. The policy concerns animating *Scurlock Oil*—inconsistency and inefficiency—are particularly salient in the context of res judicata. While JGM claims that allowing judgments to go ungarnished presents the same issues of inconsistency and inefficiency, the risk of inconsistency and inefficiency in the garnishment context is not as high as JGM suggests. Multiple garnishment filings are far less wasteful than multiple trials. Moreover, it would seem that premature garnishment proceedings would not spark the needless litigation which, in large part, motivated the Texas Supreme Court's holding in *Scurlock Oil*. On the other hand, premature garnishment, in which property or money passes to a party before legal proceedings have terminated, could very well fan additional disputes. JGM offers no cogent explanation of how *Waples* cuts against either *Scurlock Oil* or the policy goals it articulated.

As the preceding discussion explains, *Waples* is controlling law. Moreover, *Waples* resolves the central question in this case; in fact, *Waples* is directly on point. Thus, there is no need for this court to certify to the Texas Supreme Court the question of whether *Waples* applies to liquidated claims or whether *Waples* remains good law. Accordingly, under Rule 58.1, certification of the question in this case, whether a judgment on appeal is subject to garnishment, is not warranted.

## CONCLUSION

For the foregoing reasons, the court affirms the decision of the district court.