SCHEUING et al. v. CHALLIS et al.

No. 9914.

Court of Civil Appeals of Texas. San Antonio.

April 14, 1937.

Rehearing Denied April 28, 1937.

582

See, also, 98 S.W.(2d) 1000; 102 S.W. (2d) 477.

Leonard Brown and Russell B. Wine, both of San Antonio, for appellants.

Moursund, Ball, Moursund & Bergstrom and F. C. Felty, all of San Antonio, for appellees.

SMITH, Chief Justice.

■ Carolyn Challis and others, as plaintiffs, recovered a money judgment for $10,000 against George W. and John H. Scheuing, for damages for personal injuries resulting from the Scheuings' alleged tort. The Scheuings perfected their appeal to this court, which has this day affirmed said judgment. This disposition of the appeal is subject to revision, however, both by motion for rehearing, and application to the Supreme Court for writ of error. The appeal in that case, then, is still pending.

After entry of said judgment, and pending said appeal therefrom, the plaintiffs procured writ of garnishment, based upon said judgment, against the National Bank of Commerce of San Antonio, as garnishee, to impound funds alleged to be owing by the garnishee to the Scheuings, judgment debtors. The writ was based upon the provisions of subdivision 3, art. 4076, R.S.1925, as follows:

"Art. 4076. *Who may issue and when.*— "The clerks of the district and county courts and justices of the peace may issue writs of garnishment, returnable to their respective courts, in the following cases: * * *

"3. Where the plaintiff has a valid, subsisting judgment and makes affidavit that the defendant has not, within his knowledge, property in his possession within this State, subject to execution, sufficient to satisfy such judgment."

The garnishee answered that it had in its possession funds belonging to the Scheuings, judgment debtors, in the sum of $381.88. The Scheuings moved to quash the writ of garnishment upon the grounds, inter alia, that an appeal had been taken from the judgment in the main suit, and was still pending, and that therefore said judgment could not support garnishment. The trial judge overruled the motion to quash, and rendered judgment in favor of the garnishors against the garnishee, in the amount of the impounded fund. The Scheuings, defendants in garnishment, have appealed, upon a cost bond.

■ It is obvious that appellees' claim against the Scheuings, for damages for personal injuries resulting to appellees from the tort of the Scheuings, was an unliquidated demand, the amount of which was not susceptible of ascertainment except upon a final judgment establishing such amount. Waples-Platter Grocer Co. v. Ry., 95 Tex. 486, 68 S.W. 265, 266, 59 L.R.A. 353.

■ So is it the further rule that such final judgment, in order to support a writ of garnishment, is not merely a final judgment from which appeal will lie, "but a judgment final in the sense that it has reached that stage in judicial procedure when it can neither be set aside nor reversed upon appeal." Waples-Platter Grocer Co. v. Ry. supra; Alexander v. Berkman (Tex.Civ.App. writ refused) 3 S.W.(2d) 864.

■ Under that rule, the judgment upon which the present judgment in garnishment rests is not such final judgment as could support the writ, since an appeal therefrom had been taken and was pending, at the time the writ was issued and served and the garnishee was required to answer and did answer; and said appeal is still pending.

Accordingly, the judgment must be reversed, and the cause remanded for further proceedings in consonance with this opinion.