## COMMERCIAL CREDIT CORPORATION, Appellant,

### v.

## UNITED STATES FIRE INSURANCE CO., et al, Appellees.

### No. 18042.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 19, 1981.

Rehearing Denied Jan. 14, 1982.

Painter & Painter, J. H. Painter, III, Houston, for appellant.

Lackshin & Nathan, Bernus Wm. Fischman, Smith & Lamm, Edwin Lamm, III, Houston, for appellees.

Before EVANS, C. J., and STILLEY and WARREN, JJ.

WARREN, Justice.

Summary judgment was granted awarding appellees Oak Forest Bank and Northshore Bank funds in the registry of the court which had been interplead by United States Fire Insurance Co. (U.S. Fire) and Home Indemnity Insurance Co. (Home Indemnity).

The question for our determination is whether the garnishment of the proceeds of a judgment, which is not final because of a pending appeal, is sufficient to establish a priority in favor of the garnishing creditor. We hold that it is not.

Frank and Wanda Skatell suffered business reversals, and as a result many judgments were taken against them. Their only

asset of consequence which could be reached by creditors was a claim for theft losses against U.S. Fire and Home Indemnity. On July 24, 1978, the Skatells were awarded judgment against the two insurance companies for $82,266.24. The companies appealed.

The appellate process was not completed until July 23, 1980, when the Supreme Court of Texas overruled the motion for rehearing filed by the insurance companies. Between the date judgment was rendered in the trial court and the date the motion for rehearing was overruled by the Supreme Court, five creditors of the Skatells served writs of garnishment on the insurance companies. All of the judgments of the creditors against the Skatells were final. The insurance companies then filed an interpleader requesting that the court divide the money among the creditors. After the attorneys for the Skatells and attorney for the interpleaders were paid, there remained $45,000 in the registry of the court to be divided among the creditors.

Northshore Bank, whose judgment against the Skatells was for $44,861.75, served its writ of garnishment on June 26, 1979; Oak Forest Bank, whose judgment was for $7650.00 served its writ on January 25, 1979; Commercial Credit Corp., whose judgment was for $80,786.46 served its writ on April 25, 1980. (Other holders of judgments against the Skatells filed writs of garnishment, but they are not parties to this appeal). Each garnishor filed a motion for summary judgment asking that its respective judgment against the Skatells be satisfied from the proceeds previously interpled.

Appellant urges error by the trial court as to several procedural aspects, but in view of our disposition of this case it is unnecessary for these points to be discussed.

The court determined that "the remaining funds on deposit in the registry of the court should be distributed according to the priority of the claims against the funds and that priority as a matter of law is established by the date on which the respective claimants executed their judgments by ser-

vice of a writ of garnishment upon the proceeds of the Skatell judgment in the hands of the Interpleader herein."

■ Garnishment establishes a priority in favor of the creditor-garnishor. Among the creditor-garnishors, the garnishment which is prior in time of service is prior in time of right and subsequent writs of garnishment cannot impair or affect the rights of the prior garnishor. *Gillespie, et al v. Citizens Nat. Bank of Weatherford, et al*, 97 S.W.2d 310 (Tex.Civ.App.—Texarkana 1936, no writ); *Frankfurt's Texas Invest. Corp. v. Trinity S. and L. Assn.*, 414 S.W.2d 190 (Tex.Civ.App.—Dallas 1967, writ ref'd n. r. e.).

■ All parties agree that the judgment of the Skatells against the insurance companies was subject to garnishment if the judgment was final, but appellant contends that since the judgment was on appeal, it was not final, and the writs would reach no property and were thus dead. We agree. Texas courts have consistently held that a demand, although liquidated and fixed by the terms of a judgment, is not subject to garnishment until the judgment becomes final in the sense that it can neither be set aside nor reversed on appeal. *Waples-Platter-Comp Grocer Company v. Texas and Pacific Ry.*, 95 Tex. 486, 68 S.W. 265 (1902); *Alexander v. Berkman*, 3 S.W.2d 864 (Tex. Civ.App.—Waco 1927, writ ref'd); *Scheuing, et al v. Challis, et al*, 104 S.W.2d 581 (Tex.Civ.App.—San Antonio 1937, writ ref'd); *Houston Dry Wall, Inc. v. Construction Systems, Inc.*, 541 S.W.2d 220 (Tex.Civ. App.—Houston [1st Dist.] 1976, no writ).

The question then arises as to whether the date of the service of the garnishment may be used to determine the priority of claims when the writ was served at a time before the judgment being garnished was not final. We hold that it establishes no priority.

Appellees urge a "relation back" theory and in support thereof cite the case of *Raley v. Hancock*, 77 S.W. 658 (Tex.Civ.App.—Austin 1903, no writ), which held that a writ of garnishment served after the appel-

late court affirmed the case, but before the motion for rehearing was heard, was valid because the garnishee's answer was filed after the time when the motion for rehearing could be filed. In *First State Bank & Trust Co. of Taylor v. Blum*, 239 S.W. 1035 (Tex.Civ.App.—San Antonio 1922, no writ) the court held that a judgment rendered after service of the writ but before the garnishee's appearance date was subject to garnishment. It is unnecessary for us to comment on these cases because the judgment which all parties to our suit garnished was not final until long after the writs were served and the appearance dates had passed.

If the writs reached nothing because the judgment being garnished was not final, then using the dry writs as a method of establishing a priority would be questionable.

The state of the record requires that we remand rather than render. Rule 434, T.R. C.P.

Reversed and Remanded.