**INDUSTRIAL INDEMNITY COMPANY, Appellant,**

v.

**TEXAS AMERICAN BANK—RIVERSIDE, Appellee.**

No. 2–88–151–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 24, 1990.

Rehearing Denied Feb. 27, 1990.

Baker & Botts, Robert W. Kantner & Kathryn R. Wray, Dallas, for appellant.

Law Office of John R. Lively, G. David Davis, Fort Worth, for appellee.

Before WEAVER, C.J., and FARRIS and MEYERS, JJ.

## OPINION

WEAVER, Chief Justice.

This appeal arises from a postjudgment garnishment proceeding. Appellee, Texas American Bank—Riverside (Bank), obtained the main judgment against Richard Shaw d/b/a Shaw Remodeling and Construction (Shaw). In execution of that judgment the Bank, as plaintiff-garnishor, served an application for writ of garnishment and a writ of garnishment on appellant, Industrial Indemnity Company (Industrial), the defendant-garnishee in the case here on appeal. Shaw had previously obtained a judgment against Industrial, which judgment was on appeal at the time the writ of garnishment was served on and answered by Industrial, but was thereafter affirmed on the appeal and became a final judgment prior to the Bank taking a judgment against Industrial in the present case. Industrial filed a verified answer to the writ of garnishment and subsequently filed a motion to discharge the writ of garnishment pursuant to Tex.R.Civ. P. 666, which motion was denied by the trial court. At the final hearing, on stipulated facts, the trial court granted judgment for the Bank against Industrial, the garnishee, for $12,-460.70, plus interest and attorney's fees, and from which judgment Industrial has perfected this appeal. We affirm.

By its sole point of error, Industrial claims that the trial court erred in awarding judgment to the Bank because the debt from Industrial to Shaw was contingent and unliquidated, as of Industrial's answer date under the writ, and was therefore not subject to garnishment.

Because the factual background involved in this case is complex, and involves three separate lawsuits bearing on Industrial's debt to Shaw, we deem it appropriate to list the events chronologically.

Hambrick–Craig General Contractors, Inc. (Hambrick) was the general contractor on a construction project in Dallas. Industrial issued a statutory payment bond (bond) in connection with this project. Shaw and S.V. Delk (Delk), subcontractors, both did work on that project for which they were not paid.

### Shaw Judgment

On March 3, 1986, Shaw procured judgment against Hambrick for work performed in connection with the project by partial summary judgment signed by the 141st District Court of Tarrant County (Shaw judgment). That judgment was in the sum of $12,460.70, together with prejudgment interest stipulated to be $659.56,

and attorney's fees of $4,000.00, for a total sum of $17,120.26 plus postjudgment interest thereon until paid at the rate of 10% per annum, stipulated to be $3,883.72 as of June 9, 1988. Industrial was not a party to that action.

### Delk Judgment

On February 26, 1986, Delk obtained a default judgment against Hambrick (Delk judgment) in the sum of $49,738.27 plus postjudgment interest at 10% per annum. That judgment included an award of $12,929.70 in favor of an intervenor against Delk and Hambrick. If that award is subtracted from the $49,738.27 awarded to Delk, the remaining balance is $36,808.57. Delk is not a party to this appeal and he is mentioned only because his judgment against Hambrick is intertwined with Shaw's claim and ultimate judgment against Industrial.

### Bond Judgment

On April 7, 1986, Delk and Shaw filed suit against Industrial in the 191st District Court of Dallas County seeking recovery under the bond (bond lawsuit). They recovered a summary judgment against Industrial signed February 18, 1987 (bond judgment). Shaw was awarded judgment against Industrial in the sum of $12,460.00 (the discrepancy of $.70 between the amount of the judgment and the sum of $12,460.70 awarded to Shaw under the Shaw judgment was apparently the result of a clerical error in preparation of the bond lawsuit). Delk was awarded judgment against Industrial in the sum of $28,177.66. Delk and Shaw together recovered $7,000.00 in attorney's fees incurred in their respective actions against Hambrick, $6,000.00 in attorney's fees incurred in the bond lawsuit, and $2,000.00 in attorney's fees in the event of an appeal of the bond lawsuit to the court of appeals. That judgment erroneously stated the total of such awards, exclusive of the award for attorney's fees on appeal, to be $53,736.66, rather than the correct total of $53,637.66.

There are discrepancies between the payment requests attached to Shaw's and Delk's affidavits which were filed in support of the motion for summary judgment in the bond lawsuit, and the amounts claimed by and awarded Shaw and Delk respectively, against Industrial in the bond judgment. Shaw's payment requests totaled $11,513.63, not $12,460.00 (awarded under the bond judgment) or $12,460.70 (awarded under the Shaw judgment). Delk's payment requests totaled $17,535.78, not $28,177.65 (awarded under the bond judgment) or $49,738.27 (awarded under the Delk judgment).

The total amount awarded to Delk and Shaw under the bond judgment, exclusive of attorney's fees and interest, was $40,637.66 ($12,460.00 to Shaw plus $28,177.66 to Delk). This total was $8,631.61 less than the total sum of $49,269.27 awarded to them against Hambrick, consisting of $36,808.57 awarded to Delk, and offset by the award to the intervenor, by the Delk judgment, and $12,460.70 awarded to Shaw, exclusive of prejudgment interest and attorney's fees under the Shaw judgment.

On March 16, 1987, Industrial filed its supersedeas bond and perfected its appeal of the bond judgment to the Fifth Court of Appeals District. That court affirmed the bond judgment by its opinion dated December 21, 1987.

### Main Judgment

On June 11, 1987, the Bank obtained a default judgment against Shaw in the 342nd District Court of Tarrant County, Texas, in the amount of $60,470.23, plus postjudgment interest at the rate of 10% per annum. This is the judgment under which the writ of garnishment was issued. At the time of the issuance and service of said writ of garnishment on Industrial, this judgment was and remains a valid, subsisting judgment which has not been paid, satisfied, released, reversed, vacated, or otherwise discharged. Shaw does not possess property in Texas subject to execution sufficient to satisfy that judgment.

### Writ of Garnishment

On August 5, 1987, the Bank's application for writ of garnishment and writ of

garnishment were served on Industrial in the present case, seeking recovery of sums owed by Industrial to Shaw. The writ contained the following language which was added to TEX.R.CIV. P. 661 in 1978, "You are further commanded not to pay to defendant any debt or deliver to him any effects, pending further order of this Court." On August 24, 1987, Industrial filed its verified answer to the writ of garnishment, stating: that it was not indebted to Shaw; that as of that date Shaw had obtained against Industrial a full summary judgment in Cause No. 86–4310–J in the 191st Judicial District Court in and for Dallas County, Texas (bond judgment); that on or about March 16, 1987, Industrial filed a supersedeas bond in connection with its appeal from such summary judgment; that Industrial had perfected its appeal to the Court of Appeals for the Fifth District of Texas; that such appeal was still pending; and that Industrial's indebtedness to Shaw was subject to the resolution of the appeal and any further proceedings in connection with that litigation. Industrial also stated that it had reason to believe that Hambrick was liable to Shaw under the Shaw judgment and attached a copy of that judgment to its verified answer.

### Court of Appeals Decision

On December 21, 1987, (shown by the stipulations to be January 18, 1988) the Dallas Court of Appeals issued its opinion and judgment affirming the bond judgment in favor of Delk and Shaw against Industrial. Although the opinion is unpublished and thus of no precedential value, it is relevant to the rights and liabilities of the parties before us. In discussing the language of the bond and the applicable law the Dallas Court of Appeals stated:

[I]t is clear that Delk's default judgment and Shaw's summary judgment bound Industrial.

In overruling Industrial's complaint to the affidavits filed by Delk and Shaw in the bond lawsuit, the court stated:

[T]he payment bond and Delk's and Shaw's final judgments against Hambrick–Craig are referred to and attached

to the affidavits. Industrial does not contest the conclusiveness of the judgments against Hambrick–Craig, nor the validity of the Hardman Act bond. We hold these attachments are all that are necessary to support the summary judgment in that they show that Industrial is surety to Hambrick–Craig and, therefore, Industrial is obligated for the debt/default of its principal.

In overruling Industrial's claim that the plaintiffs failed to establish each element of their claims under the payment bond, the court stated:

The subcontractors presented two theories to support their summary judgment motion: (1) they are entitled to judgment as a matter of law against Industrial as surety on the bond according to the default judgment and summary judgment entered against Hambrick–Craig because Industrial is liable on the payment bond; and (2) they have complied with the Texas Property Code and have perfected their claim against Industrial as surety on the bond. We hold that the subcontractors are entitled to recover.

The Dallas Court of Appeals in that opinion further stated that:

The subcontractors established that there were no material fact issues concerning their cause of action by attaching the bond and the judgments to their affidavits. The debt and default by the principal is evidenced by the judgments against Hambrick–Craig as a matter of law, and the bond establishes that the surety is obligated to pay those amounts to the claimants.

### Compromise and Settlement

On February 17, 1988, the attorney for Delk and Shaw made demand upon one of the attorneys for Industrial for the sum of $49,269.27, the sum of the judgments in favor of Delk and Shaw respectively under the Delk judgment and the Shaw judgment, plus $15,000.00 in attorney's fees, plus postjudgment interest on the total of $64,-269.27, in discharge of the bond judgment. On the next day, February 18, 1988, Delk and Shaw, by Shaw's attorney in fact, Deb-

bie Shaw, executed a release of judgment, filed on that same date, fully releasing the bond judgment and declaring said judgment fully paid and satisfied. This release of judgment was obtained by an agreement between Delk and Shaw and Industrial upon payment by Industrial to Delk and Shaw of the sum of $55,637.66.

## Motion to Discharge Writ

On May 6, 1988, Industrial filed in this cause its motion to discharge the writ of garnishment pursuant to TEX.R.CIV. P. 666. The motion recites that the Court of Appeals for the Fifth District of Texas, at Dallas, affirmed the bond judgment in January of 1988, and further states that such judgment did not become final until February of 1988, five months after Industrial filed its answer to the writ. The motion makes no reference to the agreement between Industrial and Delk and Shaw by which the bond judgment was paid and released on February 18, 1988. The Bank's response to Industrial's motion to discharge the writ of garnishment was filed on May 19, 1988.

On June 3, 1988, the Bank filed its verified affidavit controverting Industrial's answer to the writ of garnishment, claiming that: the answer constituted an admission of judgment indebtedness to Shaw, subject to an appeal; the appeal was defeated upon rendition of a judgment by the court of appeals on December 21, 1987, affirming the bond judgment; the time for Industrial to petition for writ of error appealing the same to the Texas Supreme Court had expired; and there remained no possibility that the judgment indebtedness of Industrial to Shaw might be vacated. On the same date, June 3, 1988, the trial court denied Industrial's motion to discharge the writ of garnishment.

## Stipulations

On June 9, 1988, the parties in this case filed a stipulated statement of facts, stipulating to the matters listed above, adopting and incorporating the exhibits referred to therein as a part of the stipulations, and also stipulating to the amount of attorney's fees.

## Judgment Here on Appeal

By the judgment here on appeal, signed on June 17, 1988, the trial court granted judgment in favor of the Bank against Industrial, the garnishee, in the amount of $21,003.98. The judgment recited that such amount represented the total amount for which Industrial was liable to Shaw at and since the time of issuance and service of the writ of garnishment on Industrial under the Shaw judgment, for which judgment Industrial was held liable to Shaw in the judgment of the Fifth District Court of Appeals in an appeal of the bond judgment. The amount of $21,003.98 consisted of $12,460.70 principal, $4,000.00 attorney fees awarded to Shaw under the Shaw judgment, $659.56 prejudgment interest, and $3,883.72 postjudgment interest under that judgment. The trial court also awarded the Bank $3,791.00 attorney's fees in the present case, for a total judgment against Industrial of $24,794.98. It was further ordered that the Bank have and recover additional reasonable and necessary attorney's fees of $4,000.00 in the event of an appeal to the court of appeals, $2,500.00 in the event of an application for writ of error to the Supreme Court of Texas, and $1,000.00 in the event a writ of error is granted by the Texas Supreme Court.

In connection with the postjudgment interest specified in the judgment, the trial court determined that Industrial made payment to Shaw on February 17, 1988, in compromise and settlement of the bond judgment, and the judgment recites that such payment:

> [V]iolated the express command of this Court in the writ of garnishment herein that the garnishee not pay any debt to Richard Shaw pending further order of this Court. The accrual of post-judgment interest, therefore, was not terminated by garnishee's payment to Richard Shaw on February 17, 1988.

The issue presented is whether, under these circumstances, the indebtedness owing by Industrial to Shaw was reached, or

trapped, by the service of the writ of garnishment on Industrial, so that such indebtedness became and remained amenable to the jurisdiction and orders of the trial court.

The appellant, Industrial, takes the position that its obligation to Shaw was not reached by the writ of garnishment because at the time the writ was served and as of its answer date, such obligation was unliquidated and also because such obligation was contingent and uncertain because the bond judgment was then on appeal and was not a final judgment. In support of this argument, Industrial claims that both the existence and amount of such obligation were in dispute and were being litigated in the bond lawsuit which was on appeal, and that such obligation was not subject to garnishment unless and until the bond judgment became final. It asserts that the resolution of this appeal turns on the question of when, if ever, the indebtedness between Shaw and Industrial became liquidated. Both parties agree that the question of whether a debt is liquidated or unliquidated is to be determined by the nature of the underlying claim.

▆ The Bank, the appellee, counters with the argument that Industrial's indebtedness to Shaw was a liquidated obligation, and that the amount of such obligation and Industrial's liability thereon were fixed as a matter of law in the 1986 Shaw judgment by virtue of the appellate court's opinion in the bond lawsuit. The Bank admits that at the time the writ of garnishment was issued and served on Industrial that Industrial's indebtedness to Shaw was contingent upon the outcome of Industrial's then pending appeal of the bond judgment. It argues that merely because Industrial resisted payment of this liquidated obligation to Shaw and continued to exercise the right to appeal the bond judgment, does not alter the obligation's liquidated character but merely reflects Industrial's willingness and capability to force litigation by Shaw against Industrial due to its refusal to pay Shaw what it owed under the statutory bond. The Bank further asserts that where the claim is liquidated it is subject to

garnishment regardless of whether it is then being disputed and that garnishment lies in this situation notwithstanding the existing contingency or uncertainty of the claim due to the then pending appeal of the bond judgment.

In support of its contention that Industrial's indebtedness to Shaw was not reached by the writ of garnishment, because such debt was unliquidated at the time the writ was served, Industrial relies upon the landmark case of *Waples–Platter Grocer Co. v. Texas & P. Ry. Co.*, 95 Tex. 486, 68 S.W. 265 (1902), and upon the following cases, all of which rely upon the *Waples* case: *Commercial Credit Corp. v. U.S. Fire Ins.*, 630 S.W.2d 651, 652 (Tex.App.—Houston [1st Dist.] 1981, no writ); *Houston Drywall, Inc. v. Const. Sys., Inc.*, 541 S.W.2d 220, 222 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Clapper v. Petrucci*, 497 S.W.2d 120, 122 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.).

Both parties have cited to us language from various portions of the *Waples* case. We will not here engage in a detailed review of that case. Suffice it to say that the supreme court in that case made separate rulings in answering two certified questions. Question (2) dealt with whether a writ of garnishment reached a contractual claim (*i.e.* the claim itself, as distinguished from the judgment which determined the right under the claim). The court found this to be an unliquidated claim, and used the following language in holding that such claim was not subject to garnishment:

> [W]hen the damages are unliquidated and in their nature uncertain, the demand is not subject to garnishment ... a garnishee should not be required to answer as to an indebtedness, when it is impossible for him to ascertain the amount thereof from the terms of the contract and the fact of the breach.

*Waples*, 68 S.W. at 266.

In answering question (1) the supreme court held that a judgment, pending an appeal therefrom, was not subject to garnishment under the facts in that case. The court indicated that its ruling on this question was reached, at least in part, from its

conclusions under question (2), and then went on to state:

> The demand, being uncertain, is not made certain until the amount is fixed by a final judgment of the court....

*Id.* Because the reasoning on this point was tied to the court's conclusions under question (2), a portion of which contained the language referring to the damages as unliquidated and by their nature uncertain, we do not take this holding in *Waples* to mean that no claim, not even a liquidated claim, can be subject to garnishment while a judgment involving such claim is pending on appeal, particularly since the court in *Waples* was not concerned with a liquidated indebtedness.

We will next determine whether the other cases cited by Industrial would bar garnishment of Shaw's claim against Industrial due to the pending appeal of the bond judgment, notwithstanding that such claim may be determined to have been liquidated at the time the writ of garnishment was served. Industrial relies upon the following language in *Commercial Credit Corp.*, 630 S.W.2d at 652, "Texas courts have consistently held that a demand ... is not subject to garnishment until the judgment becomes final in the sense that it can neither be set aside nor reversed on appeal." *Id.* The court held that three writs of garnishment did not reach a judgment in favor of the judgment creditor against two insurance companies on a claim for theft losses, which judgment was on appeal by the insurance companies at the time the writs of garnishment were served. There is nothing to indicate that the theft losses were liquidated, other than the above language which indicates that the demand was liquidated and fixed by the judgment. There is no indication that an issue of garnishment of a liquidated claim, as distinguished from sums owing under the judgment, was raised in that case. While the case cites *Waples*, we do not believe *Waples* supports the proposition that a liquidated claim, as distinguished from the judgment, cannot be reached pending such appeal.

The cases of *Houston Drywall, Inc.*, 541 S.W.2d 220 and *Clapper*, 497 S.W.2d 120, which were cited by Industrial, are likewise not in point since each dealt with an attempted garnishment of an unliquidated claim.

Industrial also cites *Uhlhorn v. Reid*, 398 S.W.2d 169 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.) in support of the proposition that for a debt to be subject to garnishment, it must be absolutely payable, at present or in the future, at the time that the garnishee appears in the action, and the debt may not be dependent upon any contingency. We do not consider *Uhlhorn* as authority on this point.

We next consider whether Shaw's claim against Industrial was liquidated at the time the writ of garnishment was served and answered. The underlying claim arose out of Industrial's duty under the payment bond to pay the claim owing on the project by the general contractor to Shaw as a subcontractor. This claim was reduced to judgment in Shaw's favor against the general contractor under the Shaw judgment dated March 3, 1986.

The Dallas Court of Appeals, in its opinion dated December 21, 1987, affirmed the bond judgment and held that: the Shaw judgment against the general contractor bound Industrial; the debt and default by the general contractor is evidenced by the Shaw judgment as a matter of law; and the bond establishes that the surety, Industrial, is obligated to pay the amount of such judgment to Shaw. We find, under the holding of the court of appeals, that Shaw's claim against Industrial under the bond was a liquidated claim in the amount to which he was entitled under the Shaw judgment, both at the time the Shaw judgment became final and as of the date of service of the writ of garnishment and Industrial's answer thereto.

Under the facts of this case, and because we hold that Shaw's claim against Industrial was liquidated at the times pertinent to this case, we hold that the pending appeal of the bond judgment at the time of the service of the writ and Industrial's answer did not bar the effectiveness of the writ,

and that the service of the writ on Industrial effectively captured the claim owing to Shaw by Industrial under the bond as of the date of the Shaw judgment. The effect of the opinion by the Dallas Court of Appeals was not to determine or to resolve a dispute as to the amount of Shaw's claim but to reflect the amount of such claim for which Industrial was obligated as surety on the bond at the time of the Shaw judgment. We accordingly reject Industrial's contentions that the claim was not captured by the service of the writ because it was then unliquidated and uncertain due to the pending appeal. Industrial's sole point of error is overruled.

■ Industrial also contends that the garnishment did not reach the claim because it was never obligated to Shaw under any judgment, it having compromised, settled, and paid the same before the opinion of the court of appeals became final. This argument we also reject. While the stipulations of the parties indicate the opinion on that appeal was dated January 18, 1988, the copy of such opinion contained in the exhibit, which is incorporated as a part of the stipulations, reflects that the opinion and judgment of the Dallas Court of Appeals was issued on December 21, 1987. The compromise and settlement between Industrial and Shaw was on February 18, 1988, some fifty-nine days after the opinion rendered by the court of appeals. It would appear, therefore, that the appeal was final prior to the settlement and prior to the release of the bond judgment by Shaw on February 18, 1988. In any event, we have been furnished nothing to reflect that the appeal was voluntarily dismissed under TEX.R.APP. P. 59, or that the judgment rendered on such appeal on December 21, 1987, is not final, or is not binding on Industrial for the purposes for which we have referred to it in this opinion.

■ In a subportion of its sole point of error, Industrial next argues that the trial court in the instant case erred in awarding the Bank judgment for $4,000.00 which represents the amount of the attorney's fees awarded in the Shaw judgment against the general contractor. Industrial also complains of that portion of the trial court's judgment in this garnishment action which awards the Bank prejudgment and post-judgment interest on the principal sum of Shaw's judgment against Hambrick. Industrial's brief contains no citations supporting the argument presented, and we are unclear as to the exact contention Industrial is asserting regarding this issue. However, Shaw was entitled to and did recover both prejudgment and post-judgment interest in his initial $12,460.70 judgment against Hambrick. These sums were due to Shaw from Hambrick under the Shaw judgment. Industrial, being obligated under the bond for such sums due to Shaw, is obligated for these amounts, and the trial court in this garnishment action properly included the attorney's fees and interest amounts in the judgment against Industrial.

■ As noted above, we have held that Shaw's claim against Industrial was liquidated and therefore captured by the writ of garnishment. Although the Bank seems to concede in its brief that an unliquidated claim is not subject to garnishment unless and until it is reduced to a final judgment, we feel it is appropriate to discuss whether Shaw's claim against Industrial was reached by the garnishment in this case, and under the circumstances before us, even if it must be held to be an unliquidated claim due to the pending appeal in the bond lawsuit. In this connection, we are of the opinion that the wording in the 1978 amendment to TEX.R.CIV. P. 661 should be considered and given weight in determining whether the writ reached Industrial's obligation to Shaw, even as an unliquidated claim.

By that amendment, the supreme court added the following sentence to the form of the writ of garnishment set forth in rule 661: "You are further commanded NOT to pay to defendant any debt or to deliver to him any effects, pending further order of this court." *Id.* The writ that was served on Industrial in this case contained this command. The trial court obviously considered this portion of the writ in rendering its judgment, and stated in the judgment that Industrial's payment to Shaw violated

the express command in the writ that it not pay any debt to Shaw pending further order of the court.

The test of what may be reached by garnishment necessarily depends on the terms of the statutes and the rules that authorize the writ. *See* 17 Tex.Jur. 3d *Creditors' Rights and Remedies* sec. 333 (1982), citing *Presnall v. Stockyards Nat. Bank,* 151 S.W. 873 (Tex.Civ.App.—Texarkana 1912), *aff'd,* 109 Tex. 32, 194 S.W. 384 (1917). Our rules of procedure have the same force and effect as statutes. *Freeman v. Freeman,* 160 Tex. 148, 327 S.W.2d 428, 433 (1959).

All of the cases cited to us by appellant predate the 1978 amendment to rule 661, except *Commercial Credit Corp.,* 630 S.W.2d 651, which did not discuss the language of this amendment. We find no cases which restrict or limit the plain language meaning of that amendment to the unliquidated damages test which appellant would have us follow under *Waples.*

What then is the significance of that amendment? It might be answered that the supreme court intended it for the very purpose of aiding the garnishor to reach claims owing to the judgment debtor in situations like we have before us; that it intended, by the plain meaning of such command, to have the garnishee preserve such claim, including unliquidated and uncertain claims, for determination and further order of the court issuing the writ. If this was the intention, then we surmise that the express language in the amendment to rule 661 to that extent overrides the holding in *Waples.*

Industrial, in its answer to the writ, made reference to the Shaw judgment and then stated that it was not indebted to Shaw subject to the resolution of the appeal of the bond judgment. Having disclosed this information in its answer, Industrial nevertheless chose to wait out the results of the appeal, and instead of either interpleading the proceeds owing to Shaw into the registry of the court or holding them pending further order of the trial court it chose to ignore the plain language of the writ and to compromise and settle the claim and to pay the compromised

amount to Shaw. Such disobedience to the writ was to its gain, the payment in the settlement being for a sum less than the amount of the judgment. In making the payment to Shaw, Industrial acted at its peril. After the service of the writ, the garnishee acts at his peril in delivering goods or paying money to the defendant in the main suit. *Cohen v. Advance Imports, Inc.,* 597 S.W.2d 449, 452 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.); *Westridge Villa Apts. v. Lakewood Bank & Trust Co.,* 438 S.W.2d 891, 894 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n.r.e.); *Pure Oil Co. v. Walsh–Woldert Motor Co.,* 36 S.W.2d 802, 805–06 (Tex.Civ.App.—Texarkana 1931, writ dism'd).

Under the circumstances of this case, we hold that Industrial's obligation to Shaw, whether treated as a liquidated or an unliquidated claim, was captured by the service of the writ of garnishment, that Industrial was bound by the language of the writ ordering it not to pay any debt to Shaw pending further order of the court, that Industrial, having paid the claim to Shaw in violation of such order, is obligated to the garnishor Bank for the amount of such claim, and that the judgment in favor of the Bank against Industrial for the amount of the claim was proper. The judgment of the trial court is affirmed.